UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEARNEY CONSTRUCTION COMPANY,
LLC; BING CHARLES W. KEARNEY,
JR.; BRIAN W. SEEGER; and ALAN
G. PAYNE,

        Plaintiffs,
v.                   Case No.  8:09-cv-1912-T-33TBM

BANK OF AMERICA CORPORATION,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Bank of America Corporation's Motion to Dismiss Counts I through V of Plaintiffs' Complaint (the "Motion to Dismiss" Doc. # 4) and Supporting Memorandum (Doc. # 5), filed on September 25, 2009. Plaintiffs filed a Response in Opposition to the Motion to Dismiss on October 9, 2009. (Doc. # 7). For the reasons that follow, the Court will deny the Motion to Dismiss.

**I.**    **Factual Background and Procedural History**

Plaintiff Kearney Construction Company, LLC (hereafter "KCC") is a limited liability company organized and existing under the laws of the State of Florida, doing business in Hillsborough County, Florida. (Doc. # 2 at ¶ 4). Plaintiffs Bing Charles W. Kearney, Jr., Brian W. Seeger, and Alan G.

1

Payne, are agents of KCC. (Doc. # 2 at ¶ 35). KKC and its agents had a "long standing banking relationship and a line of credit with many two year renewals with LaSalle Bank." (Doc. # 2 at ¶ 10). However, Defendant Bank of America took over LaSalle, and LaSalle adopted the Bank of America name on May 5, 2008. (Doc. # 2 at ¶¶ 12-14). "During the time period when Bank of America acquired LaSalle, Bank of America agents requested a meeting in Tampa with KCC agents to reassure KCC that they would work with KCC as LaSalle Bank had." (Doc. # 2 at ¶ 15).

In August 2007, agents of Bank of America (who formerly worked on KCC accounts for LaSalle) met with KCC agents to reassure KCC that "despite Bank of America's past relationship with Kearney Development, Bank of America would renew the lines of credit with KCC going forward." (Doc. # 2 at ¶ 17). KCC contends that, without the aforementioned representations, KCC would have moved its banking business. (Doc. # 2 at ¶ 19).

On October 25, 2007, Bank of America renewed KCC's line of credit for two years, ending on August 18, 2009. (Doc. # 2 at ¶ 20). "KCC relied on the course of dealings between the parties when Bank of America would calculate KCC's borrowing base on accounts receivable and retainage." (Doc. # 2 ¶ 21).

"Now, Bank of America has limited KCC's line of credit and has called their line of credit into default." (Doc. # 2 at 28). KCC argues that the availability of commercial lines of credit has substantially declined, KCC will not be able to replace the line of credit with a comparable line of credit from another bank, and Bank of America's actions have interfered with KCC's business relationships. (Doc. # 2 at ¶¶ 27, 29).

After KCC's account was called into default, KCC reached out to Bank of America in order to come to an agreement concerning KCC's account. (Doc. # 2 at ¶ 33). Bank of America agreed, so long as an outside consultant evaluated KCC's business. (Doc. # 2 at ¶ 34-48). KCC agreed to the evaluation and paid for the evaluation. (Doc. # 2 at ¶¶ 39-40). Now, according to KCC, "Bank of America won't provide the consultant's report (a report that Bank of America deems vital to KCC's survival), unless KCC waives any and all possible claims against Bank of America." (Doc. # 2 at ¶ 41).

Bank of America has cut off communications with Plaintiffs and has asked that all future communications be "undertaken in the context of the report (the same report that Defendant would not provide a copy of to Plaintiffs)." (Doc.

# 2 at ¶¶ 42-43).[1]

On August 26, 2009, Plaintiffs filed suit against Bank of America in State Court.[2] Defendant removed this action to this Court on the basis of diversity of citizenship on September 18, 2009. (Doc. # 1). Plaintiffs' complaint contains the following six counts against Bank of America: (1) fraudulent inducement; (2) fraudulent misrepresentation; (3) negligent misrepresentation; (4) breach of duty of good faith and fair dealing; (5) promissory estoppel; and (6) tortious interference. Plaintiffs seek damages and restitution, and relief in the form of rescission or invalidation of certain guarantees given to Bank of America by Plaintiffs.

Bank of America seeks dismissal of counts one through five. Bank of America filed an answer and affirmative defenses to count six. (Doc. # 6).

---

[1] KCC also indicates that Bank of America has hired the consultant as an expert witness against Plaintiffs in this case.

[2] Also on August 26, 2009, KCC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Because KCC is a Plaintiff in this action, the automatic stay provision of 11 U.S.C. § 326(a) does not operate to stay this case. See In re Kozich, 406 B.R. 949 (Bankr. S.D. Fla. 2009)("Section 362, by its own terms, only stays proceedings against the debtor.")

**II. <u>Legal Standard</u>**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

**III. <u>Analysis</u>**

Bank of America argues that counts one through five of the complaint should be dismissed because Plaintiffs signed

5

certain documents, where "Plaintiffs have expressly denied any reliance on any representations, oral or written, that were made by Bank of America prior to the execution of the Third Amendment." (Doc. # 5 at 6).

Plaintiffs referenced the operative contracts in the complaint, but did not attach any documents to the complaint. Bank of America attached the following documents to its Motion to Dismiss: "Continuing Unconditional Guarantees" executed by Plaintiffs (Exhibit A), the "Loan and Security Agreement" (Exhibit B), and the "Amendment to the Loan and Security Agreement and Letter of Credit and Reaffirmation of Guarantees dated October 31, 2007" (hereafter, the "Third Amendment")(Exhibit C).

In executing the Third Amendment, Plaintiffs reaffirmed all of the terms and conditions of the Loan and Security Agreement and the Guarantees. In the Third Amendment, KCC reaffirmed the terms of the Loan and Security Agreement, which expressly provides that:

> No promises, either express or implied, exist between the Borrower and the Bank, unless contained herein or therein. This Agreement, together with the other Loan Documents, supersedes all negotiations, representations, warranties, commitments, term sheets, discussions, negotiations, offers or contracts (of any kind or nature, whether oral or written) prior to or contemporaneous with the execution hereof with

> respect to any matter, directly or indirectly related to the terms of the Agreement and the other Loan Documents.

(Doc. # 5 at 3-4).

Furthermore, in the Third Amendment, Plaintiffs reaffirmed their Guarantees to Bank of America as of October 31, 2007, which explicitly state that the guarantors did not rely on any representations made by Bank of America that are not set forth in the Guarantees themselves. (Doc. # 5 at 4).

Bank of America contends that, by virtue of Plaintiffs' express repudiation of their reliance on any representations made by Bank of America prior to executing the Third Amendment, Plaintiffs are barred from seeking the relief sought in counts one through five of the complaint.

As stated in Topp, Inc. v. Uniden Am. Corp., 513 F.Supp.2d 1345 (S.D. Fla. 2007), "No action for the tort of fraud in the inducement will lie where the alleged fraud contradicts a subsequent written contract." Id. at 1348. Furthermore, as explained in Bates v. Rosique, 777 So. 2d 980 (Fla. 3d DCA 2001), when alleged misrepresentations are discussed and incorporated into a written contract containing a merger clause that supercedes all prior representations and agreements, the economic loss rule bars recovery for fraudulent inducement. Id. at 982. See also Englezios v.

7

Batmasian, 593 So. 2d 1077, 1078 (Fla. 4th DCA 1992)("A party cannot recover in fraud for an alleged oral misrepresentation which is adequately dealt with in a later written contract").[3]

In response, Plaintiffs argue that the Court is barred from examining extrinsic documents on a Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss. In the alternative, if the Court does review the extrinsic documents, Plaintiffs argue that the representations were made after the contracts were signed, not before, and therefore, counts one through five are valid and not barred by the economic loss rule or any other grounds presented in the Motion to Dismiss.

The Court determines that it is proper to review the documents that Bank of America attached to its Motion to Dismiss. Documents referenced in a complaint that are central to the claim asserted may be considered if the contents are not in dispute and the defendant attaches the document to a motion to dismiss. Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007).

---

[3] In this diversity case, the Court applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. Tech. Coating Apps., Inc. v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). Furthermore, this Court must apply Florida law in the same manner that the Florida Supreme Court would apply it. Brown v. Nicholas, 8 F.3d 770, 773 (11th Cir. 1993).

It does not appear in this case that Plaintiffs challenge the contents of the documents, and the documents are central to the dispute. Thus, the Court's consideration of the documents does not convert the Motion to Dismiss into a motion for summary judgment. See, e.g., Darby v. S.B. Ballard Constr. Co., 3:05-cv-199-J-32MCR, 2005 U.S. Dist. LEXIS 42011, at *1 n.1 (Aug. 26, 2005)(consideration of an EEOC charge of discrimination referenced in the complaint did not convert the motion to dismiss into a motion for summary judgment).

Nevertheless, the Court finds it appropriate to deny the Motion to Dismiss. Plaintiffs argue, "Plaintiffs relied on Defendant's course of conduct following the execution of the contracts. Plaintiffs' reliance was reasonable based on the fact that the lender acted in accordance with the representations to Plaintiffs, and Defendant ratified these misrepresentations after the signing of the contract." (Doc. # 7).

The allegedly false misrepresentations that are the subject of the complaint were alleged to have happened both before and after the contract documents were signed. Plaintiffs are not contending that they were fraudulently induced to sign the Contracts. Rather, in counts one through five of the complaint, Plaintiffs allege in counts one, two,

9

and three, that "Defendant intended for Plaintiffs to rely on their representations to induce KCC not to move their banking business when Bank of America first acquired these lines of credit from LaSalle." (Doc. # 2 at ¶ 53, 61, 69). In count four, Plaintiffs similarly contend, "Defendant breached its duty of good faith and fair dealing by fraudulently inducing Plaintiff into keeping its business with Bank of America after it took over the line of credit from LaSalle and other acts designed to interfere with Plaintiff's ability to continue doing business." (Doc. # 2 at ¶ 75).

In count five, for promissory estoppel, Plaintiffs allege:

> Defendant made representations as to material facts that were contrary to a later-asserted position, namely that they would continue to work with Plaintiffs as LaSalle had, as well as the course of conduct of calculating KCC's borrowing base as LaSalle had (based on certain accounts receivable and retainage amounts). Plaintiffs reasonably relied on that representation and Bank of America's course of conduct. Defendant changed its position regarding the existing conditions by, among other things, Bank of America's change in position regarding KCC's borrowing base, which caused KCC to appear to be immediately overdrawn on their lines of credit. Defendant changed its position from the numerous reassurances and representations that Bank of America would renew the line of credit and its past course of dealing where this line of credit was renewed.

(Doc. # 2 at ¶¶ 81-84).

While Bank of America has correctly stated the law concerning fraudulent inducement claims barred by subsequent contractual language, the law is not applicable to this case at this early stage of the proceedings. The relevant complaint counts, thus, survive Defendant's Motion to Dismiss.

Bank of America may reassert these arguments, if appropriate, at the summary judgment stage, where the Court will evaluate evidence beyond the four corners of the complaint and relevant contract documents.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant Bank of America Corporation's Motion to Dismiss (Doc. # 4) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of March, 2010.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record