UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEARNEY CONSTRUCTION COMPANY,
LLC, BING CHARLES W. KEARNEY,
JR., BRIAN W. SEEGER, and ALAN
G. PAYNE,

       Plaintiffs,
v.                            CASE NO: 8:09-cv-1912-T-33TBM

BANK OF AMERICA, N.A.,

       Defendant.
_____/

BANK OF AMERICA

       Plaintiff,
v.

BING CHARLES W. KEARNEY, JR.,
BRIAN W. SEEGER,
and ALAN G. PAYNE,

       Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Bing Charles W. Kearney, Jr., Brian W. Seeger, and Alan G. Payne's Amended Motion to Stay Proceedings Pending Bank of America's Disposition of Seized Collateral (Doc. # 57). Bank of America was granted ample opportunity to file a response in opposition to the motion but failed to do so. The time for Bank of America to file a response to the motion has expired, and the Court grants the motion for the reasons that follow.

**I.   Background**

On August 18, 2005, Bank of America and Kearney Construction Company, along with various other related entities such as K & S Equipment, entered into a loan agreement in which Bank of America extended a $10,000,000.00 line of credit to Kearney Construction Company.

Bing Charles W. Kearney, Jr., Brian W. Seeger, and Alan G. Payne (the "Guarantors") executed personal guarantees as to the line of credit.  On August 26, 2009, the Guarantors filed a complaint against Bank of America in state Court. (Doc. # 2).  Bank of America removed the suit to this Court on the basis of diversity of citizenship on September 18, 2009. (Doc. # 1).  Thereafter, on September 20, 2009, Bank of America filed a separate suit against the Guarantors in this Court under case 8:09-cv-2127-T-33TGW.  Bank of America also filed a replevin action on February 3, 2010, against K & S Equipment, a co-signer of the loan agreement, in state court.  In the replevin action, Bank of America alleged that it was collecting under the loan agreement, and it listed 111 pieces of collateral subject to seizure.

Bank of America, with the assistance of the Hillsborough County Sheriff's Office seized between 50 to 100 pieces of construction equipment, which served as collateral under the

loan agreement. According to Guarantors, the seized property is worth millions of dollars. The Guarantors contend that Bank of America has placed the seized property in storage, has not assigned any value to the seized property, and has not attempted to dispose of the seized property in a commercially reasonable manner. In addition, the Guarantors assert that Bank of America has not credited the Guarantors with any value from the seized property "even though such value must be deducted from any alleged outstanding balance under the Loan Agreement." (Doc. # 57 at 3).

On June 3, 2010, this Court consolidated the two related actions pending in federal Court. (Doc. # 25). On December 22, 2010, Bank of America filed a motion for summary judgment seeking summary judgment on all claims asserted in the consolidated federal action. (Doc. # 47). This matter is set for a March 18, 2011, pretrial conference and an April 2011, jury trial. (Doc. # 16).

By their present motion, the Guarantors seek a stay of this case until Bank of America has concluded its replevin action.

## II. Analysis

It appears that Bank of America has repossessed certain items that serve as collateral under the loan agreement and

3

has simultaneously sought to enforce the terms of the agreement in violation of the UCC. "Even though the secured party's remedies are cumulative . . . [a] secured party cannot repossess the collateral, do nothing with it, and then commence an action on the underlying debt; under such circumstances, the secured party is barred from enforcing the debt until it has completed the proceedings against the collateral . . ." 47 Fla. Jur. 2d Secured Transactions § 309 (2004); City Fed. Sav. Bank v. Fla. E. Dev. & Mgmt. Corp., 536 So. 2d 1057, 1058 (Fla. 4th DCA 1988) ("Article 9 of the Uniform Commercial Code governing secured transactions does not allow a secured creditor to harass a debtor by pursuing contemporaneously two or more remedies . . . . [T]he creditor's suit on the note was premature, when it had already repossessed the debtor's collateral.")

The Guarantors correctly contend that "Florida law and the UCC do not allow [Bank of America] to pursue the Guarantors until [Bank of America] has sold the collateral in a commercially reasonable manner and applied such proceeds to any alleged deficiency." (Doc. # 57 at 4). See also Motorola Commc'ns v. Nat'l Patient Aids, Inc., 427 So. 2d 1042, 1047 (Fla. 4th DCA 1983)(finding action for deficiency against guarantors could not proceed until creditors' seizure and sale

of collateral was determined).

The Court determines that stay of this matter is warranted until Bank of America's replevin proceedings have been completed. The parties are directed to inform this Court immediately when the replevin proceedings have concluded such that this matter can be reopened and tried.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Amended Motion to Stay Proceedings Pending Bank of America's Disposition of Seized Collateral (Doc. # 57) is **GRANTED.**

(2) This case is **STAYED** and **ADMINISTRATIVELY CLOSED.**

(3) The parties are directed to inform this Court immediately when the state court replevin proceedings have concluded such that this matter can be reopened and adjudged

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of February 2011.

                                         _____
                                         VIRGINIA M. HERNANDEZ COVINGTON
                                         UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

5