UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEARNEY CONSTRUCTION COMPANY,
LLC, ET AL.,

      Plaintiffs,

v.                                    CASE NO. 8:09-cv-1912-T-33TBM

BANK OF AMERICA, N.A.,

      Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court in consideration of Defendant Bank of America, N.A.'s Motion for Reconsideration of March 20, 2015, Order Denying Motion to Reopen Case (Doc. # 69), filed on March 26, 2015. For the reasons stated below, the Court grants the Motion in part.

**<u>Discussion</u>**

It is within the Court's discretion to grant a motion for reconsideration. <u>Lussier v. Dugger</u>, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. <u>Id.</u> As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998),

"[a] motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11 (internal citation and quotation omitted).

2

On August 26, 2009, Plaintiffs – Kearney Construction Company, LLC; Bing Charles W. Kearney, Jr.; Brian W. Seeger; and Alan G. Payne - filed suit against Bank of America in state court. (Doc. # 2). Bank of America removed this action to this Court on the basis of diversity of citizenship on September 18, 2009. (Doc. # 1).

On February 21, 2011, the parties filed an Agreed Joint Motion and Stipulation to Entry of Final Judgment in Favor of Bank of America, N.A. and the Dismissal of All Claims by Kearney, Seeger, and Payne Agaisnt the Bank. (Doc. # 62). The Court granted the Motion on February 22, 2011. (Doc. # 63). Accordingly, the Clerk was directed to enter Judgment in favor of Defendant as follows:

> (A) Bank of America, N.A. shall recover from Bing Charles W. Kearney, Jr., a/k/a Bing Kearney, Brian W. Seeger, and Alan G. Payne, jointly and severally, the sum of $7,603,581.35, which shall continue to accrue interest at .30% in accordance with 28 U.S.C. § 1961.

> (B) Bing Charles W. Kearney, Jr., a/k/a Bing Kearney, Brian W. Seeger, and Alan G. Payne stipulate and agree that they shall take nothing by this action and that the final judgment shall dismiss, with prejudice, all claims by Bing Charles W. Kearney, Jr., a/k/a Bing Kearney, Brian W. Seeger, and Alan G. Payne against Bank of America, N.A.

> (C) The parties stipulate that each side shall bear their own fees and costs in this action. **FOR ALL OF WHICH LET EXECUTION ISSUE.**

(Id.)(emphasis in original). After entry of the Judgment, the Clerk was directed to close this case. (Id.). The Clerk entered a Judgment in favor of Bank of America on February 22, 2011, and thereafter, this case was closed. (See Doc. # 64).

On March 20, 2015, Bank of America filed a Motion to Reopen Case (Doc. # 65), Motion for Charging Order on Limited Liability Company Interests (Doc. # 66), and Motion for Charging Order on Partnership Interests (Doc. # 67). That same day, the Court entered an Order denying the Motion to Reopen Case and, as a result, denied the remaining Motions as moot. (Doc. # 68). In the present Motion, Bank of America requests that this Court reconsider its March 20, 2015, Order, and for this Court to reopen the case and reinstate the Motions for Charging Orders, *nunc pro tunc*, to the March 20, 2015, filing date. (See Doc. # 69).

In its Motion to Reopen Case, Bank of America sought to reopen this action to "enforce and execute on its judgment pursuant to the Federal Rules of Civil Procedure, including, but not limited to, Rule 69, Execution." (Doc. # 65 at 1). To

4

the extent Bank of America requests that this Court continue to retain jurisdiction over this action for the limited purpose of enforcing the February 22, 2011, judgment, this Court grants Bank of America's Motion for Reconsideration. See Riggs v. Johnson Cnty., 73 U.S. 166, 187 (1867)("[T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied."). However, the Court stands behind its March 20, 2015, Order (Doc. # 68), to the extent that this Court declines to reopen this action. See Aronowitz v. Home Diagnostics, Inc., No. 93-06999-CIV, 2010 WL 2351468, at *5 (S.D. Fla. June 11, 2010) aff'd, 419 F. App'x 988 (Fed. Cir. 2011)("Courts possess discretion in determining whether to reopen a case.").

The Court notes that Bank of America filed a Motion for Charging Order on Limited Liability Company Interests (Doc. # 66) and a Motion for Charging Order on Partnership Interests (Doc. # 67) on March 20, 2015. In light of this Court denying Bank of America's Motion to Reopen Case, the Court simultaneously denied these Motions as moot. (See Doc. # 68). To the extent Bank of America requests that this Court reconsider its prior Order, and reinstate these Motions, *nunc pro tunc*, the Court declines to do so.

5

In filing both the Motion for Charging Order on Limited Liability Company Interests (Doc. # 66) and Motion for Charging Order on Partnership Interests (Doc. # 67), Bank of America failed to comply with the Local Rules; specifically Local Rule 3.01(g). Local Rule 3.01(g) states in relevant part:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.

Bank of America's representation in both Motions that "[p]ursuant to Local Rule 3.01(g), M.D. Fla., opposing counsel has not responded to Bank of America" is insufficient to satisfy Local Rule 3.01(g). Therefore, although this Court continues to retain jurisdiction to enforce the judgment in this closed action, the Court declines to reinstate Bank of America's Motion for Charging Order on Limited Liability

Company Interests (Doc. # 66) and a Motion for Charging Order on Partnership Interests (Doc. # 67) *nunc pro tunc*. These Motions – originally denied as moot – are denied without prejudice for Bank of America's failure to comply with Local Rule 3.01(g). Bank of America may re-file these Motions once counsel has complied with Local Rule 3.01(g).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Bank of America, N.A.'s Motion for Reconsideration of March 20, 2015, Order Denying Motion to Reopen Case (Doc. # 69) is **GRANTED in PART** as set forth herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of April, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record

7